IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES D. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CV-631-WKW |
| | ) | [WO] |
| ALABAMA COLLEGE OF | ) | |
| OSTEOPATHIC MEDICINE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiff's James D. Marshall's Petition for Emergency Injunctive Relief, which the court construes as a motion for a temporary restraining order. (Doc. # 1.) That motion is due to be denied because it does not meet the requirements of Rule 65(b) of the Federal Rules of Civil Procedure. The court also construes the filing as a motion for a preliminary injunction, and the court will enter a briefing order on that motion once Defendant Alabama College of Osteopathic Medicine has been served and makes an appearance in this action.

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts

made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Mr. Marshall has failed to meet the prerequisites for the exceptional remedy of a temporary restraining order. Admittedly, the motion could be construed as a verified complaint: It includes a section under the heading "Plaintiff's Verification" in which Mr. Marshall "verifies as true and accurate to the best of his knowledge this petition for injunctive relief as submitted to this honorable court with the additional exhibits" attached (Doc. # 1, at 21), which would seem to meet 28 U.S.C. § 1746's requirement that he "declare (or certify, verify, or state) under penalty of perjury" that the allegations in his motion are "true and correct." But even if it is a verified complaint for the purposes of Rule 65(b), the facts alleged in it do not "clearly show that immediate and irreparable injury, loss, or damage will result to" Mr. Marshall before Defendant has a chance to respond. Moreover, Mr. Marshall has not submitted the certification required by Rule 65(b)(1)(B).

Accordingly, it is ORDERED that Mr. Marshall's motion for a temporary restraining order is DENIED.

It is further ORDERED that the above-styled action is REASSIGNED to Magistrate Judge David A. Baker and REFERRED to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 9th day of July, 2018.

          /s/ W. Keith Watkins
         CHIEF UNITED STATES DISTRICT JUDGE