IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| JAMES D. MARSHALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-631-ECM-DAB |
| ALABAMA COLLEGE OF OSTEOPATHIC MEDICINE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for injunctive relief (Doc. 1), and Defendant's motion to dismiss (Doc. 9). For the reasons stated in this memorandum opinion, the Court concludes that the motion to dismiss is due to be granted.

### I. STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted

1

deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.; see also Iqbal,* 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal,* 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561–62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly,* the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal,* the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the

defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly,* 556 U.S. at 570.

II. **FACTS**[1]

Plaintiff James D. Marshall was a student at Defendant Alabama College of Osteopathic Medicine ("ACOM"). (Doc. 1 at 1). ACOM is medical school located in Dothan, Alabama. (*Id.* at 3). Plaintiff was suffering from "Situational Depression" in his second year of his studies "related to having a family member recently admitted to the hospital in dire condition with little hope of recovery; also, around this same time his childhood dog, with a recent prior diagnosis of a fatal condition, had started to deteriorate rapidly health-wise." (*Id.* at 4). Plaintiff further alleged that "he was sick with a medically diagnosed Acute Stress Disorder, dehydrated with a 'sky rocketing' blood pressure, along with suffering from other stress related symptoms." (*Id.* at ¶ 7). Plaintiff claims that he "requested, but was not given any

---

[1] At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the Complaint and reasonable inferences to be drawn therefrom are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.,* 602 F.3d 1231, 1234 (11th Cir.2010). Both parties attached numerous exhibits in support of their motions to dismiss. As a general rule, the district court must "limit[ ] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000) (internal quotation marks omitted). The Court has not considered any of the exhibits outside of those attached to the pleadings with exception of the discreet portions of the student handbook as discussed in Footnote 6 *infra*. Therefore, the motion to dismiss at issue is not converted to a Rule 56 motion for summary judgment.

reasonable accommodation, such as being allowed a week or two off prior to taking his last two remaining exams; so he could recover from the initial shock of these two gut wrenching stressors." *Id.* Plaintiff states that ACOM "would not give him reasonable accommodation given his situational, medically diagnosed ***Depression***." (*Id.* at ¶ 1)(emphasis in the original).

On June 4, 2018, Plaintiff took an exam at ACOM.[2] (Doc. 1 at ¶ 13). Plaintiff alleges that he "scored extremely high on" the exam, but was accused of cheating; specifically, that he was exhibiting "suspicious behavior," and was "wrongfully accused reportedly by an anonymous fellow medical student…" (*Id.* at 4). Plaintiff admits that he "was acting out of character on all dates relevant to this matter, [but] it was not because of any unethical reasons…" but because of stress, dehydration, and his blood pressure. (*Id.* at ¶ 7). Plaintiff does not argue that the lack of alleged accommodations hindered his performance or damaged his score on the June 4, 2018, administration of the exam; rather, his Complaint claims that he "was the first person to complete this exam" and that "he scored extremely high." (*Id.* at ¶ 13). The Complaint specifically requests that "all of the Plaintiff's Exams of June, 2018, should be thrown out, except the first one on June 4, 2018…" (*Id.* at 5).

---

[2] Plaintiff does not indicate in his Complaint what type of exam was administered on June 4 or 13, 2018. However, in the exhibits attached to the Complaint, the exams are referenced as a renal exam and a renal remediation exam associated with a renal system course. (Doc. 1-1 at 14, 22, 28, 30, 38).

On June 4, 2018, after the administration of the exam that morning, Dean Reynolds sent an email to Plaintiff stating that "[t]he exam Proctors as well as video evidence suggest suspicious activity of your testing behaviors during today's exam. Therefore, I am recommending you meet with student progress committee." (Doc. 1-1 at 24).

On June 5, 2018, Dean Philips informed Plaintiff via email that he was scheduled for a meeting with the Student Progress Committee ("SPC") on June 6, 2018. (Doc. 1-1 at 11). At that meeting, "[t]he SPC allowed [Plaintiff] to commend and answer questions regarding the issue." (*Id.* at 30). The SPC recommended, and Dean and Chief Academic Officer Craig J. Lenz affirmed, that Plaintiff's first score would be null and void and cautioned him that his "[f]uture academic performance will be monitored closely by the [SPC]." *Id.* On June 8, 2018, Dean Reynolds informed Plaintiff via email that his "first score will not be considered due to suspicious behavior. However, the investigation is not closed. It will remain open until we have reviewed any additional information that we have requested." (*Id.* at 14).

ACOM required Plaintiff to retake the exam on June 13, 2018. (Doc. 1 at ¶ 24). Plaintiff alleges that the proctor for the June 13 exam directed a derogatory comment at him "causing him to tune out her redundant voice" and "[t]his resulted in him not remembering to place his cell phone in his vehicle prior to the start of the

5

exam." (*Id.* at ¶ 26).  Plaintiff admits that the exam proctor "could have possibly warned the students to not have their cell phone on them during the exam…." *Id.* Plaintiff met with the SPC again on June 19, 2018, to review "an Honor Code Violation during the Renal Remediation Exam on Wednesday, June 13, 2018," following which the SPC recommended that he be dismissed for that violation. (Doc. 1-1 at 28).  Dean Lenz sent a letter to Plaintiff informing him that he affirmed the recommendation of the SPC and notifying Plaintiff that he was allowed "no more than **three working days** from the time you receive my decision to submit an appeal to the ACOM Appeals Board," with instructions on how to submit his appeal. *Id.* (emphasis in original).  That same day, Plaintiff signed the letter, "to acknowledge receipt and understanding of this decision" and reserving his right to appeal the decision. (*Id.* at 29).   On June 21, 2018, the Appeals Board met with Plaintiff and "decided not to overturn the decision of the SPC and the Dean," noting that its "decision is final." (*Id.* at 36).

On July 3, 2018, Plaintiff filed a Complaint in this Court seeking injunctive relief pursuant to Rule 65, Fed. R. Civ. P., on the basis that ACOM's decision to dismiss Plaintiff from the school "wrongfully denied him Due Process" and that ACOM "wrongfully and negligently terminated the Plaintiff from the Defendant Medical School, after he had given the Defendant medical school proper Americans

6

with Disabilities Discrimination Notice and Family Medical Leave Notice…"[3] (Doc. 1 at 1-2). The Complaint requests that the Court enter injunctive relief "to STAY and REVERSE ALL adverse academic actions taken by Defendant…" (*Id.* at 20)(emphasis in original).

On July 27, 2018, ACOM filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that "certain well established legal principles, such as the state actor requirement for constitutional due process claims, the limiting of relief to employees under the FMLA, and notice of an alleged disability under the ADA, prevent Marshall from moving forward with this case." (Doc. 9 at 1). The motion has been fully briefed and is ripe for decision.

## III. DISCUSSION

### A. Americans with Disabilities Act

ACOM argues that Plaintiff has failed to state a claim of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182. Plaintiff alleged two claims under the ADA: that ACOM "wrongfully and

---

[3] In his recitation of facts in the Complaint, Plaintiff states that "Defendant Dean Reynolds [sic] actions are legally actionable, grounds of complaint: Libel, Slander and Defamation of Character." (Doc. 1 at ¶ 15). Plaintiff further alleged that "Dean Reynolds violated federal law by informing numerous individuals around campus, subordinates employees and colleagues, along with a number of the Plaintiff Marshall's fellow students regarding the pending (but false) allegations against the Plaintiff and about his sad plight of being forced to re-take the June 4th Exam under the scourge of suspicious minds and public humiliation…." (*Id.* at ¶ 24). However, Dean Reynolds has not been named or served as a party to this action, and Plaintiff has not requested any injunctive relief directed to ACOM regarding these improperly pleaded claims of defamation of character.

7

negligently terminated the Plaintiff from [ACOM], after he had given [ACOM] … proper [ADA] notice…" and "should have acted properly to have given Plaintiff Marshall the requested break he requested as a 'Reasonable Accommodation' in order to late be able to re-schedule his exams without a penalty…" (Doc. 1 at 2, 18).

### 1. Wrongful Termination

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of ... any place of public accommodation...." 42 U.S.C. § 12182(a). A "public accommodation" includes a "postgraduate private school." 42 U.S.C. § 12181(7)(J).[4] Plaintiff alleged that his situational depression and acute stress disorder constituted a mental disability. However, Plaintiff did not allege that he was dismissed from ACOM because of his mental disability. Rather, he alleged that he was dismissed because ACOM found that he had exhibited suspicious behavior during the June 4 exam and that he had a prohibited cell phone on his person during the June 13 exam. At best, Plaintiff has

---

[4] Plaintiff's Complaint does not address whether ACOM is a private educational institution. Defendant argued that "ACOM is a non-profit, fully-accredited private medical school…" (Doc. 9 at 2). Plaintiff did not deny this fact in his Response. (Doc. 22). Both parties have submitted a copy of the ACOM student handbook as exhibits to their respective briefs. (Docs. 9-1 and 22-4). In his Response to the motion to dismiss, Plaintiff "asks the Court to reject the defendant's presentation of their Exhibit A that contained a ninety-eight (98) page Student Handbook & Catalog (aka 'Handbook)" on the basis that it has been changed since June 28, 2018. (Doc. 21 at 3). Plaintiff referenced the student handbook six times in his Complaint and attached to his brief what he purported to be an unaltered version of the student handbook that he downloaded in anticipation of this litigation. (Doc. 9-4). Plaintiff does not identify what, if any, material changes have been made between the two documents submitted by the parties. Nevertheless, both exhibits clearly state that ACOM is a private institution in identical language.

alleged that ACOM discriminated on the basis of Plaintiff's behavioral misconduct, not his disability. Plaintiff did not allege facts demonstrating that ACOM knew about any alleged disability such that it could have engaged in discriminatory conduct under the ADA. As discussed above, ACOM dismissed him due to his behavior during testing, not due to his alleged mental disability. Plaintiff alleged no other facts suggesting that ACOM dismissed him for any reason related to his mental disability. As such, Plaintiff failed to allege that ACOM discriminated against him on account of his disability and, therefore, failed to state a claim under Title III. *See J.A.M. v. Nova Se. Univ., Inc.*, 646 F. App'x 921, 926 (11th Cir. 2016). *See also, Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523 (1985) ("When judges are asked to review the substance of a genuinely academic decision ... they should show great respect for the faculty's professional judgment."); *Bd. of Curators of the Univ. of Mo. v. Horowitz,* 435 U.S. 78, 90, 98 S.Ct. 948, 955, 55 L.Ed.2d 124 (1978) ("[T]he determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking.").

### 2. Failure to Accommodate

In addition to alleging wrongful dismissal under the ADA, Plaintiff claimed that ACOM failed to grant reasonable accommodations for his renal remediation

9

exam. A failure to provide reasonable accommodations is a distinct, actionable theory of discrimination under the ADA. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n. 6 (11th Cir. 2008); *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007)("[F]ailure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA, so long as that individual is 'otherwise qualified' …")(emphasis in original). Plaintiff's failure-to-accommodate claim under the ADA is for alleged failures to reasonably provide a longer break before requiring him to take the renal remediation exam. Under Title III of the ADA, only prospective relief is available for failure to accommodate. *Jairath v. Dyer*, 154 F.3d 1280, 1283 & n.7 (11th Cir.1998); *Ass'n for Disabled Ams., Inc. v. Concorde Gaming Corp. (Goldcoast Entm't Cruises)*, 158 F.Supp.2d 1353, 1359 (S.D. Fla. 2001) (citing *Powers v. MJB Acquisition Corp.*, 993 F.Supp. 861, 867 (D.Wyo.1998)). The test for standing [for an ADA claim] requires that: (1) there is an injury in fact, (2) the injury was caused by the defendant's conduct, and (3) the injury is capable of being redressed by a favorable ruling. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The Court's grant of ACOM's motion to dismiss as to Plaintiff's dismissal claim means that Plaintiff no longer has any claim for which readmission to ACOM is an available remedy. Accordingly, even if Plaintiff were to prevail on his remaining ADA claim of failure to accommodate, he would not be able to enjoy the prospective relief that

10

it affords. As a result, Plaintiff lacks standing to pursue his ADA claim for alleged failures to make reasonable accommodations for the remediation exam scheduling. "[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001). In the ADA context, this means a plaintiff seeking an injunction or declaratory judgment must show a real and immediate threat of future disability discrimination. *Shotz v. Cates*, 256 F.3d 1077, 1081–82 (11th Cir. 2001)("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."). As a dismissed student without a valid claim for readmission, Plaintiff lacks standing to pursue prospective relief. Accordingly, Plaintiff's ADA reasonable accommodation claim is due to be dismissed for lack of subject-matter jurisdiction. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007) (explaining that dismissal, not grant of summary judgment, is proper when court disposes of claim on justiciability grounds).

Moreover, even if Plaintiff otherwise had standing to pursue his ADA reasonable accommodation claim, his Complaint fails to sufficiently allege such a claim. "[T]he duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made…." *Gaston v. Bellingrath*

11

*Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999). "The plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable." *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997). However, the Complaint does not indicate when or by what method Plaintiff requested accommodation or what accommodations he requested. The only item in the Complaint and exhibits thereto that could be considered a request for accommodation is email correspondence between Plaintiff and Deanna Averett, dated June 11, 2018. (Doc. 1-1 at 26). Plaintiff's request was, in its entirety: "As i'm [sic] sure you are aware I have been under a lot of stress. I'm wondering if I can move my Renal exam from the morning to the afternoon on Wednesday? I just need a chance to try to sleep and get my thoughts back in order. Sincerely, James Marshall." *Id.* Plaintiff did not mention his situational depression, did not refer to his stress as a disorder or disability, did not otherwise claim a disability, and did not state that his request to move the start time of the exam was related to a disability. Rather, Plaintiff merely "wondered" if it could be moved from morning to afternoon so he could get some sleep before an exam scheduled two days later. Plaintiff's email did not state how the request related to any particular disability or how the modification from morning to afternoon would accomplish an accommodation. Even construing this email in the light most favorable to the Plaintiff, he has failed to plead facts sufficient to infer that he ever made a specific

12

demand for an accommodation sufficient to trigger ACOM's duty to provide it.[5] *Gaston*, 167 F.3d at 1363. It is facially unreasonable to allege that an email in which a student is "wondering" if he could sit for an examination in the afternoon instead of the morning because he is "under a lot of stress" could be sufficient to alert an entity subject to Title III that the student is making a specific request for a reasonable accommodation due to a disability.

> As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 678. Plaintiff's Complaint provided a "naked assertion" that he made the requisite request for a reasonable accommodation without stating how the request was submitted, when it was tendered, to whom, what it asked for, or why.

---

[5] A plaintiff is not required to exhaust administrative remedies prior to filing a Title III ADA action. *See Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 123 (N.D.N.Y. 2000) ("Title III of the ADA incorporates 42 U.S.C. § 2000a–3(a) only; not 2000a–3(c). *See* 42 U.S.C. § 12188(a)(1). Because § 2000a–3(c) contains the exhaustion requirement, but was not incorporated into the ADA, the ADA does not mandate exhaustion prior to commencing suit."). However, the ACOM Student Handbook contains information for "Osteopathic Medical Students with Disabilities" including a section on how to make a "Request for Accommodations," "Documentation Guidelines" for submitting a request, and a "Grievance Procedure for Students with Disabilities." *See* n.7 *infra.* Plaintiff did not reference any of these provisions in his Complaint, and the email that Plaintiff sent to Ms. Averett did not comply with the provision that "The student must submit documentation of his/her disability to the ACOM Associate Dean of Students…." (Doc. 22-3 at 62).

Accordingly, even if Plaintiff otherwise had standing for his ADA claim of failure to accommodate, his pleading does not sufficiently state a claim upon which relief can be granted.

### B. Due Process

In his Complaint, Plaintiff repeatedly alleges that his "due process" rights were violated. (Doc. 1 at 1, 2, 5, 6, 14, 18). At no point in the Complaint does Plaintiff identify any legal theory or constitutional protection upon which he seeks relief for his "due process" violations. Construed liberally, Plaintiff appears to be claiming that some due process right was violated by ACOM for failing to follow the procedures in its student handbook and violating "his Constitutional right to have prior notice that if a phone is found on your person during an exam, the school will administer strict liability and suspend/terminate the individual from the medical program without any prior notice…" (*Id*. at ¶ 30). The Supreme Court has stated:

> The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights "fairly attributable to the State?" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482. The core issue presented in this case is not whether petitioners were discharged because of their speech or without adequate procedural protections, but whether the school's action in discharging them can fairly be seen as state action. If the action of the respondent school is not state action, our inquiry ends.

*Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2770, 73 L. Ed. 2d 418 (1982)(footnote omitted).

In this case, Plaintiff has not alleged in his Complaint that ACOM is a "state actor" or denied that ACOM is a private educational institution. Rather, Plaintiff argues in his Response brief that "[t]he federal laws the Plaintiff seeks to enforce against the Defendant 42 USCA §1983 since it is funded by Federal Student Financing, as well as the multiple violations of the Federal Wiretapping Law, as amended."[6] (Doc. 21 at ¶ 42)(*See Rendell-Baker*, 457 U.S. at 840 ("we conclude that the school's receipt of public funds does not make the discharge decisions acts of the State.")). The parties have not disputed that ACOM is a private institution.[7] (Doc. 9-1 at 8; Doc. 22-4 at 7). Plaintiff cites no authority for the proposition that a private school may be considered a state actor for purposes of due process protections. The

---

[6] The Complaint fails to allege that it is stating a claim pursuant to 42 U.S.C. § 1983. *See Rendell-Baker*, 457 U.S. at 838 ("And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law.").

[7] *See* n. 4, *supra*. The Eleventh Circuit has held that "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir.1999)." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiff repeatedly refers to the student handbook in his Complaint as the basis for his alleged deprivation of due process, demonstrating its centrality to his claim. Although Plaintiff alleges that the version of the student handbook attached to Defendant's Motion to Dismiss has been changed since June 28, 2018 (Doc. 21 at 3), the language stating that ACOM is a private institution is identical in both "versions" of the student handbook submitted by the parties. Neither party has disputed that ACOM is a private institution, and Plaintiff makes no allegation or argument to the contrary in his Response to the Motion to Dismiss.

Eleventh Circuit has held that "[t]he First, Fifth, and Fourteenth Amendments 'do not apply to private parties unless those parties are engaged in an activity deemed to be "state action."'" *Farese v. Scherer,* 342 F.3d 1223, 1233 n.13 (11th Cir. 2003) (quoting *NBC, Inc. v. Comms. Workers of Am.,* 860 F.2d 1022, 1024 (11th Cir. 1988)). Similarly, "[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)). *See also Shepherd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016)(Affirming, in part, dismissal of plaintiff's § 1983 claims after plaintiff failed to "challenge the district court's conclusion that [defendant] is not a state actor subject to liability under § 1983."). Accordingly, Plaintiff has failed to show how his due process rights have been violated by these actions and his claims of "due process" violations are due be to dismissed.

### C. Family and Medical Leave Act

In his Complaint, Plaintiff repeatedly asserts that his rights pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 ("FMLA"), were violated. (Doc. 1 at 2, 11, 16, 18, 21). "Qualifying employees are guaranteed 12

weeks of unpaid leave each year by the [FMLA]." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84, 122 S. Ct. 1155, 1158, 152 L. Ed. 2d 167 (2002). "An eligible employee is an employee who has worked for the employer for twelve months and for at least 1,250 hours in the preceding year. 29 U.S.C. § 2611." *Walker v. Elmore Cty. Bd. of Educ.*, 379 F.3d 1249, 1250 (11th Cir. 2004). There are no allegations in the pleadings of this case that Plaintiff was an employee of ACOM. Simply stated, the FMLA is entirely inapposite to the facts of this case.

## IV. CONCLUSION

For the reasons herein stated, Defendant's motion to dismiss (Doc. 9) is **GRANTED**.

**DONE** and **ORDERED** this 12th day of October 2018.

                                                          /s/ Emily C. Marks
                                                          EMILY C. MARKS
                                                          UNITED STATES DISTRICT JUDGE